UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE ARBITRATION : CIVIL ACTION NO: 08-cv-1875(LAK)
BETWEEN
:
SUPREME OIL COMPANY
:
      Petitioner,
:

and :

UFCW LOCAL 174 COMMERCIAL HEALTH :
CARE FUND AND COMMERCIAL PENSION
FUND, AND LOCAL 342 HEALTH CARE FUND :

      Respondent  :

---

MEMORANDUM ON BEHALF OF PETITIONER
SUPREME OIL COMPANY IN RESPONSE
TO COURT'S MARCH 3, 2008 ORDER

---

STARR, GERN, DAVISON & RUBIN, P.C.
Attorneys for Petitioner
105 Eisenhower Parkway
Roseland, New Jersey 07068
973-403-9200
JL 2916

Kenneth E. Bellani, Esq.
on the Brief

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES..................................................................................ii

PROCEDURAL STATEMENT............................................................................1

LEGAL ARGUMENT...........................................................................................1

     I.      THE FUNDS' NOTICE FOR ARBITRATION IS, ON ITS FACE, BASED UPON PROVISIONS OF 29 U.S.C. § 1101 *ET SEQ.* (THE EMPLOYEE RETIREMENT INCOME SECURITY ACT), MAKING IT A CIVIL ACTION THAT ARISES UNDER THE LAWS OF THE UNITED STATES..............1

     II.     THE FUNDS' ARBITRATION CLAIM IS AN ACTION TO RECOVER BENEFITS OF, OR TO ENFORCE THE RIGHTS OF, THEIR BENEFICIARIES WHICH IS SUBJECT TO CONCURRENT STATE COURT AND FEDERAL DISTRICT COURT JURISDICTION..................................................................2

     III.    BECAUSE THERE IS CONCURRENT STATE AND FEDERAL JURISDICTION, IF THE FUNDS' CLAIMS HAD BEEN ASSERTED IN A CIVIL STATE COURT ACTION, AS OPPOSED TO IN AN ARBITRATION, SUPREME WOULD, AS A MATTER OF RIGHT, BE ENTITLED TO REMOVE SUCH ACTION TO FEDERAL DISTRICT COURT..........................3

     IV.    CONCLUSION: FEDERAL DISTRICT COURT JURISDICTION OF THE PETITION DERIVES FROM 28 U.S.C. § 1331 (ARISING OUT OF LAWS OF THE UNITED STATES) AND 29 U.S.C.§ 1132(a) AND (e) (WHICH ARE PART OF THE FEDERAL ERISA STATUTE)..........................................................3

TABLE OF AUTHORITIES

**CASES**                                                                                                   **PAGE**

Chicago Dist. Counsel of Carpenter Pension Fund vs. Cotler
    914 F. Supp. 237 (N.J. Ill. 1996)..................................................................2

Painters Trust, Western Washington vs. Sandvig-Ostergard, Inc.
    737 F. Supp. 1131 (W.D. Wash. 1990)......................................................2

Schoenmann Produce Co. vs. Burlington Northern and Santa Fe
Railing Company
    420 F. Supp. 2d 757 (S.D. Tex. 2006) ........................................................3

**STATUTES**

9 U.S.C.A. §10..................................................................................................1

28 U.S.C. § 1101..............................................................................................2

28 U.S.C. § 1331......................................................................................2, 3, 4

28 U.S.C. § 1441(b).........................................................................................3

29 U.S.C. §1101...............................................................................................1

29 U.S.C. § 1132(a).....................................................................................2, 3

29 U.S.C. § 1132(a)(1)(B)...............................................................................3

29 U.S.C. § 1132 (e)(1)...............................................................................2, 3

## PROCEDURAL POSTURE

The Petitioner, Supreme Oil Company ("Supreme"), has moved, pursuant to 9 U.S.C. §10 for an order dismissing an arbitration proceeding initiated by Respondents, UFCW Local 342/174 Affiliated Trust Funds (the "Funds") pursuant to the terms of a collective bargaining agreement "between UFCW Local 342 AFL-CIO ("the Union") and your company." Supreme has no collective bargaining agreement with Local 342 and filed its petition in order to avoid arbitration under a non-existent agreement. After reviewing the Petition, this Court, *sua sponte*, entered an Order dated March 3, 2008, directing the Petitioner to show cause as to why the Petition should not be dismissed for lack of subject matter jurisdiction.

## LEGAL ARGUMENT

I. THE FUNDS' NOTICE FOR ARBITRATION IS, ON ITS FACE, BASED UPON PROVISIONS OF 29 U.S.C. § 1101 *ET SEQ.* (THE EMPLOYEE RETIREMENT INCOME SECURITY ACT), MAKING IT A CIVIL ACTION THAT ARISES UNDER THE LAWS OF THE UNITED STATES.

In their notice to arbitrate (the "Notice"), the Funds state that the issue of Supreme's "failure and/or refusal to make proper and timely contributions and remit required reports" to them is being submitted to arbitration "pursuant to the terms of the collective bargaining agreement between U.F.C.W., Local 342, AFL-CIO (the "Union") and [Supreme]." (Clarification provided). In addition to invoking this non-existent collective bargaining agreement as the basis for demanding an arbitration hearing, the Notice further invokes the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Notice is annexed hereto

1

as Exhibit "A." ERISA, 28 U.S.C. §1101 *et seq.*, is obviously a federal statute. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

        II.    THE FUNDS' ARBITRATION CLAIM IS AN ACTION TO RECOVER BENEFITS OF, OR TO ENFORCE THE RIGHTS OF, THEIR BENEFICIARIES WHICH IS SUBJECT TO CONCURRENT STATE COURT AND FEDERAL DISTRICT COURT JURISDICTION.

The goal of the Funds' requested arbitration is to recover from Supreme delinquent employer contributions to these funds under a collective bargaining agreement which they contend exists between Supreme and the Union. 29 U.S.C. § 1132(a), a provision under ERISA, provides that "[a] civil action may be brought – (1) by a participant or beneficiary – (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;" § 1132(e)(1) provides, in applicable part, that "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section." It is well settled that district courts have jurisdiction over suits by fund trustees seeking delinquent employer contributions owed to them under a collective bargaining agreement. See Chicago Dist. Counsel of Carpenter Pension Fund vs. Cotler, 914 F. Supp. 237 (N.D. Ill. 1996), Painters Trust, Western Washington vs. Sandvig-Ostergard, Inc., 737 F. Supp. 1131 (W.D. Wash. 1990).

    III.    BECAUSE THERE IS CONCURRENT STATE AND FEDERAL JURISDICTION, IF THE FUNDS' CLAIMS HAD BEEN ASSERTED IN A CIVIL STATE COURT ACTION, AS OPPOSED TO IN AN ARBITRATION, SUPREME WOULD, AS A MATTER OF RIGHT, BE ENTITLED TO REMOVE SUCH ACTION TO FEDERAL DISTRICT COURT.

While under 29 U.S.C. § 1132(e)(1) a district court's jurisdiction over the claims of plan trustees to recover benefits due to their beneficiaries under the terms of their plan or to enforce the rights of the beneficiaries under the terms of their plan is concurrent and not exclusive, there is no doubt that any such claim brought in a state court of competent jurisdiction may be removed, as a matter of right, by the employer against whom such claims are asserted. 28 U.S.C. § 1441(b) provides, in applicable part, that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising out of the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." If there is concurrent original jurisdiction in the federal and state courts, the defendant has the opportunity to remove to federal court the action filed in state court. See <u>Schoenmann Produce Co. vs. Burlington Northern and Santa Fe Railing Company,</u> 420 F. Supp. 2d 757 (S.D. Tex. 2006).

    IV.    CONCLUSION: FEDERAL DISTRICT COURT JURISDICTION OF THE PETITION DERIVES FROM 28 U.S.C. § 1331 (ARISING OUT OF LAWS OF THE UNITED STATES) AND 29 U.S.C. § 1132(a) and (e) ( WHICH ARE PART OF THE FEDERAL ERISA STATUTE).

It is respectfully submitted that this Court has subject matter jurisdiction of the Petition based upon the fact that the Funds based their request to arbitrate on ERISA, a federal statute which, in 29 U.S.C. § 1132(e)(1) and 29 U.S.C. § 1132(a)(1)(B), confers concurrent jurisdiction

3

on this Court and further based upon the fact that the Funds' claim arises a federal law (*i.e.*, a law of the United States) and 28 U.S.C. § 1331 confers jurisdiction on this Court under such circumstances. Accordingly, the Court must conclude that it possesses subject matter jurisdiction of the Petition.

Respectfully submitted,

_____
Jonathan J. Lerner
JL 2916

Dated: March 10, 2008

4